## WONG FONG v. UNITED STATES.

### (Circuit Court of Appeals, Ninth Circuit. October 6, 1896.)

### No. 297.

CHINESE PERSONS—DEPORTATION—MERCHANT—EVIDENCE.

In proceedings under the act of November 3, 1893 (28 Stat. 7), for the deportation of a Chinese person, it was admitted that on August 1, 1893, he was a merchant, as defined by the statute. On that day the store he and his partner occupied was destroyed by fire, and in the following November he left for China, returning to California in May, 1895. The evidence showed that, before leaving, the firm had rebuilt and restocked the store, and that, on returning, defendant resumed his connection with the business, which, the partner testified, had always been retained. *Held* sufficient evidence to show that defendant had not lost the character of merchant, although there was no direct testimony that his name appeared in partnership articles or partnership accounts; nor was his status affected by the fact that he also conducted a gardening enterprise with Chinese labor, his own work being supervisory only. 71 Fed. 283, reversed.

In Error to the District Court of the United States for the Southern District of California.

George P. Phibbs, for plaintiff in error.

George J. Denis, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. By this writ of error it is sought to review the judgment of the district court for the Southern district of California ordering the deportation of the plaintiff in error, upon the ground that he is a Chinese laborer unlawfully within the United States. It was stipulated between the parties upon the trial that prior and up to the 9th day of November, 1893, the plaintiff in error had for 16 years resided continuously in the state of California, but that upon said date he departed for China, and that he returned to the United States on the 27th of May, 1895; that for a period of 7 years preceding and up to the 1st day of August, 1893, he was a merchant, as defined by the act of congress of the United States passed November 3, 1893, being chapter 14 of volume 28 of the United States Statutes at Large, and that during said period he was not a laborer; that on the 1st day of August, 1893, the store in which he carried on his business as a merchant in California was destroyed by fire; that after the passage of the act of congress of November 3, 1893, there was no office open within the state of California at which he could register, and no such office was open until after the 1st day of Janu-

ary, 1894, which was subsequent to the time when he departed for China; and that said registration offices were closed on May 6, 1894, which was before his return to the United States. The evidence on the trial established the following facts: Prior to the fire referred to, the defendant had been a partner in the firm of Chow Kee & Co., doing business at Riverside, in California. After the fire another house was built on the lot occupied by the original store, and the same firm opened business in the new store some two weeks before the plaintiff in error left for China. He was a member of the firm, and put into the business $300 for the purchase of goods. At the commencement of these proceedings, September 12, 1895, he still retained his interest in said firm. After he returned from China, and up to the time of his arrest, he remained in the store, and aided in carrying on the business of the firm. There is evidence, also, that during the same period he had leased a tract of land, and was employing a number of Chinamen to carry on the business of gardening. It was the decision of the district court that the plaintiff in error was not proven to be a merchant from and after the 1st day of August, 1893—First, because the stipulation does not impliedly admit that he was such merchant after that date, but, on the contrary, shows that it was the intention of the stipulating parties to leave the facts concerning that question to be proven on the trial; and, second, because the business to which the stipulation refers was destroyed by fire on that date.

Undoubtedly, this view of the intention and scope of the stipulation is correct; but we do not agree with the conclusions of the trial court concerning the legal effect of the other facts proven on the trial, taken in connection with the facts admitted by the stipulation. The stipulation expressly admits that up to August 1, 1893, the plaintiff in error was a merchant, such as is described in the act of November 3, 1893 (28 Stat. 7). In other words, it is stipulated that during that period he was a merchant, "engaged in buying and selling merchandise at a fixed place of business," which business was "conducted in his name," and at the same time he was not engaged in any manual labor except such as was necessary in the conduct of his business as such merchant. Inasmuch as the proof shows clearly that the firm name, both before and after the fire, was Chow Kee & Co., it follows, from this stipulation, that up to August 1, 1893, the name of the plaintiff in error must have been signed to the articles of co-partnership and to the partnership accounts, since, under our decision in Lee Kan v. U. S., 10 C. C. A. 669, 62 Fed. 914, it was held that, in order that the business of a merchant may be considered as carried on in his name, under the statute, his name, if not included in the firm name, must at least appear to the articles of co-partnership and to the partnership accounts. Such being admitted to be the status of the plaintiff in error on August 1, 1893, what is there in the record to show that after that date his relation to the partnership business continued to exist as before, and that there was no change therein? It appears, from the evidence, that there were but two partners in the firm of Chow Kee & Co., the plaintiff in error and Chow Kee, and that, immediately

after the fire, the two partners caused the erection of another building upon the site occupied by the original store, stocked the same with goods, and continued to carry on the business.    It is true that there is no express or direct testimony that, after the fire, the name of the plaintiff in error appeared on the partnership articles or on the partnership accounts; but sufficient does appear to show that the partnership was not closed out, and that no change was made therein, and that it continued to exist without modification up to the time of the arrest of the plaintiff in error.    Chow Kee testified that the plaintiff in error and he had been partners as merchants for six years, and the plaintiff in error testified: "Chow Kee is my partner, and has been for over six years now, in Riverside, in the Chinese merchandise business."    There is no evidence whatever to contradict this testimony, and to our minds it sufficiently establishes the fact that there was no change in the partnership relations of Chow Kee and the plaintiff in error after the date of August 1, 1893, and that if, as the stipulation admits, the business was carried on in the name of the plaintiff in error prior to that date, it is sufficiently shown that it continued to be conducted in the same manner thereafter, and that the partnership, during a period of six years, was unchanged and unbroken.    There is no evidence that the plaintiff in error did manual labor in conducting his business of gardening, or that he did anything other than to employ laborers, collect accounts, and exercise a general supervision over his business.    The evidence showing that he was a merchant, and not subject to deportation, the judgment must be reversed, and the plaintiff in error discharged from custody.