## LAI MOY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 18, 1895.)

No. 194.

1. CHINESE EXCLUSION ACTS—MERCHANTS.
   A Chinese person who, during half his time, is engaged in cutting and sewing garments for sale by a firm of which he is a member, is not a merchant, within the meaning of section 2 of Act Cong. Nov. 3, 1893, known as the "McCreary Act."

2. SAME—APPLICATION TO PERSONS LEAVING THE COUNTRY BEFORE PASSAGE OF THE ACT.
   Act Cong. Nov. 3, 1893, known as the "McCreary Act," applies to Chinese persons who left the country before the passage of the act, and afterwards seek to return. Lew Jim v. U. S., 66 Fed. 953, followed.

Appeal from the District Court of the United States for the Northern District of California.

This was an application by Lai Moy, a Chinese person, for a writ of habeas corpus. The district court remanded petitioner, who now appeals.

This is an appeal from a judgment of the district court, Northern district of California, rendered against appellant on habeas corpus proceedings. He claimed the right to land in the United States as a merchant, but the right was denied by the collector of the port of San Francisco. In his petition, he says, after stating he was imprisoned and detained by the master of the steamship City of Pekin, claiming to act under the Chinese exclusion act, that he "does not come within the restrictions of said acts, but, on the contrary, your petitioner alleges that said passenger was a resident of the United States, and departed therefrom on the steamship Belgic, on or about the 6th day of October, 1892; that said passenger is not a laborer, but, on the contrary, is a merchant and a member of the firm of Lum Chong Bro. & Co., dealers in dry goods and clothing; that he conducted said business under said name for more than one year prior to his said departure; that during such time he was not engaged in the performance of any manual labor, except such as was necessary in the conduct of his business as such merchant." The referee to whom the matter was referred reported adversely to appellant, and recommended his remand, and this report was affirmed by the district court. The testimony shows that he departed from the United States on the steamer Belgic on October 6, 1892, and that he was at such time and for some years before a member of the firm of Lum Chong, 746 Commercial street, which did a clothing and dry goods business,—sold, to quote from appellant's testimony, "Chinese clothing, silks," etc., and also manufactured "pants and coats," etc. To the question, "What did you do in carrying on the business of the firm?" he answered, "I used to sell goods and cut out clothes." The following testimony was then given: "Q. Are you a clothes cutter? A. Yes, sir; I understand it. Q. Was not that your principal business? A. That and selling goods. Q. Did you make clothing other than to cut them? A. Sometimes. Q. Now, when you say sometimes, what do you mean by that? A. Well, if we were in a rush, any one of us would take a hand on the sewing machine. Q. What proportion of your time were you employed in cutting and making clothing during the last year before you went to China? A. I suppose nearly equally divided." This testimony was corroborated by another witness.

Section 2 of the McCreary act is as follows: "The words 'laborer' or 'laborers,' wherever used in this act, or in the act to which this is an amendment, shall be construed to mean both skilled and unskilled manual laborers, including Chinese employed in mining, fishing, huckstering, peddling, laundrymen, or those engaged in taking, drying, or otherwise preserving shell or other fish for home consumption or exportation. The term 'merchant,' as employed herein and in the acts of which this is amendatory, shall have the following meaning and none other: A merchant is a person engaged in buying and selling merchandise, at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant. When an application is made by a Chinaman for entrance into the United States on the ground that he was formerly engaged in this country as a merchant, he shall establish by the testimony of two credible witnesses other than Chinese the fact that he conducted such business as hereinbefore defined for at least one year before his departure from the United States, and that during such year he was not engaged in the performance of any manual labor, except such as was necessary in the conduct of his business as such merchant, and in default of such proof shall be refused landing. * * *"

The assignments of error are as follows: First, that said district court erred in deciding that said Lai Moy was not a domiciled Chinese merchant, and not entitled to enter and remain in the United States; second, that said court erred in deciding that it was necessary for the petitioner to prove by two witnesses other than Chinese that, for more than one year prior to his departure from China, he had not been engaged in the performance of any manual labor other than such as was necessary in the conduct of his business as a merchant; third, that the court erred in holding and deciding that petitioner was not a merchant, because within one year of his departure for China he had performed certain manual labor in connection with his business as a partner in the firm of Lum Chong, clothing and dry-goods merchants; fourth, that the court erred in holding and deciding that petitioner, Lai Moy, was and is a Chinese laborer, and therefore not entitled to return to and remain in the United States.

Henry C. Dibble, for appellant.

Charles A. Garter, U. S. Atty.

Before McKENNA, Circuit Judge, and HANFORD and HAWLEY, District Judges.

After making statement of the case above, McKENNA, Circuit Judge, delivered the following opinion:

The assignments of error, as said by appellant's counsel, present two points:

"First, the act of congress of November 3, 1893, requiring a resident Chinese merchant to establish his status in a certain way, and by a particular kind of proof, does not apply to the case of this petitioner, who departed from the United States prior to the enactment of the law; and, second, the evidence does not warrant the conclusion that the petitioner was not a resident Chinese merchant, within the meaning of the act of November 3, 1893, and the various restriction acts amended thereby."

The first point we had occasion to consider and pass upon in Lew Jim v. U. S., 66 Fed. 953, and we decided that the act of congress did apply to merchants departing prior to its enactment. The point, therefore, is not well taken.

We think that the second point is also untenable. It will be observed that the definitions of the act are very careful and confined, and we may not enlarge them. The designation "merchant" does not include, comprehensively, all who are not labor-

ers, but strictly "a person [to quote the act] engaged in buying and selling merchandise." To fabricate merchandise, as appellant did, is not to buy and sell it. Nor may both be done, for the "merchant" may not (again to quote the act) "engage in the performance of any manual labor except such as is necessary in the conduct of his business as such merchant,"—that is, in buying and selling merchandise; and the manual labor which is precluded is skilled as well as unskilled. One-half of appellant's time was engaged in cutting and sewing garments. This was manual labor not necessary in the buying and selling of merchandise. If we may indulge this, we may indulge more, and all artificers would be excluded from the act provided they worked for themselves or mingled with their proper work any traffic in merchandise.

We think, therefore, that the judgment of the district court was correct, and it is affirmed.