UNITED STATES v. MOY YIM. SAME v. CHUNG YOU. SAME v. DONG WAR. SAME v. FEE TOY. SAME v. MOY SHANG. SAME v. LEONG HAN CHE.

(District Court, D. Rhode Island. April 29, 1902.)

Nos. 564–570.

CHINESE—RIGHT TO REMAIN IN UNITED STATES.

The fact that during the six months immediately following the passage of the Chinese exclusion act (Act Nov. 3, 1893; 28 Stat. 7) appellants were merchants, as defined in section 2 of said act, and therefore not required to apply to the collector of internal revenue for a certificate of residence, would not be conclusive of their present right to remain in the United States, where they afterwards left the country, disposing of whatever business they had during the six-months period, and without any proven intention of returning, and then returned and engaged in business as laborers.[1]

Charles A. Wilson, U. S. Dist. Atty.

Mr. Smith, for defendants.

BROWN, District Judge. These are appeals to the district judge from a United States commissioner's orders of deportation. In each case the commissioner, upon a hearing, adjudged that the Chinese person was a Chinese laborer unlawfully within the United States, and made an order of deportation, and in each case an appeal was duly taken to the district judge. Upon the trial of the appeals it was admitted in each case that the United States had established a prima facie case, and that the Chinese person, at the time of his arrest, was engaged in the occupation of a laborer. It was contended for the Chinese persons that the exclusion act was inapplicable, for the reason that during the period of six months immediately after the passage of the act of November 3, 1893 (28 Stat. 7), each of these persons was a "merchant," as defined in section 2 of said act, and was therefore not required to apply to the collector of internal revenue for a certificate of residence. I am of the opinion that the evidence was unsatisfactory and insufficient in each case to establish the fact that any one of these persons was a merchant during this period; and there is no evidence to show that any one of them was engaged in a business "conducted in his name," whatever liberality of construction may be given to those words. The names of these persons do not appear to have been known or used in any way whatever, whether in a firm designation, partnership articles, or otherwise, in connection with a business. The decision of the circuit court of appeals for the Ninth circuit in Lee Kan v. U. S., 10 C. C. A. 669, 62 Fed. 914, is, therefore, not applicable in favor of the appellants, since they do not bring themselves within the statute as liberally construed in that case. The decision in the case of U. S. v. Pin Kwan, 40 C. C. A. 618, 100 Fed. 609, cited on behalf of the United States, is more closely applicable to the present cases. But even if we should accept the view of counsel for the appellants, and hold that each of these persons was, during the period from November 3, 1893, to May 3, 1894, a merchant, this

[1] Citizenship of Chinese, see notes to Gee Fook Sing v. U. S., 1 C. C. A. 212; Lee Sing Far v. U. S., 35 C. C. A. 332.

would not be conclusive of their present right to be within the country, for the reason that each one of them left the country and went to China after having disposed of such interest in any business as he claims to have had during the six-months period; and there is no evidence that any one of them left the country for temporary purposes, animo revertendi, as was the case in Lau Ow Bew v. U. S., 144 U. S. 47, 12 Sup. Ct. 517, 36 L. Ed. 340. There is no evidence that they returned to this country to resume a business as merchants, but, on the contrary, it appears that from the time of their return they have been continuously engaged as laborers, and, so far as appears, returned as laborers. If we were satisfied of the truth of the contention that these persons were ever merchants with a commercial domicile in this country, it would be necessary to consider various other questions of law arising from their departure from this country after disposing of any business interest, and from their return without proven intention to engage in business as merchants, and without evidence of their status at the time of their re-entry into this country. These questions, however, do not properly arise upon these appeals. Nor is it necessary to decide as to the competency and sufficiency of the testimony of the Chinese persons themselves, for, assuming the truth of the facts to which they testify, these facts are insufficient to prove that any one of these appellants was at any time a "merchant" as that term is defined in section 2 of the act of November 3, 1893.

The finding and judgment of the commissioner was, in my opinion, right, and a like judgment and order of deportation will be made in each case.