[Civil No. 826.    Filed March 26, 1904.]

[76 Pac. 639.]

# UNITED STATES OF AMERICA, Plaintiff and Appellant, v. GIN HING, Defendant and Appellee.

1. ALIENS—CHINESE EXCLUSION ACTS—PRIVILEGED PERSONS—CERTIFI-CATES—MERCHANTS—SALESMAN IS NOT—TREATY OF NOVEMBER 17, 1880 (22 STATS. 826), TREATY OF MARCH 26, 1894 (28 STATS. 1210), ACT OF CONGRESS OF JULY 5, 1884, C. 220, 23 STATS. 115 (U. S. COMP. STATS. 1901, P. 1305), AND ACT OF CONGRESS OF NO-VEMBER 3, 1893, C. 14, SEC. 2, 28 STATS. 8 (U. S. COMP. STATS. 1901, P. 1323), CONSTRUED.—Under the treaties, *supra,* providing that Chinese persons entitled to come into the United States when provided with the certificate prescribed by act of Congress of July 5, 1884, *supra,* are Chinese subjects, being officials, teachers, students, merchants, or travelers for curiosity or pleasure, and under act of Congress of November 3, 1893, *supra,* defining the term "merchant," as used in the exclusion acts, to be a person engaged in buying and selling merchandise at a fixed place of business, which business is conducted in his name, and who does not engage in manual labor, except in the conduct of said business, a person described in his certificate as a "salesman" is not described as a merchant within the generally accepted meaning of the word or within the statutory meaning thereof.

2. SAME—SAME—CERTIFICATES—MUST CONFORM STRICTLY TO REQUIRE-MENTS OF EXCLUSION ACT—ACT OF CONGRESS OF JULY 5, 1884, C. 220, 23 STATS. 115 (U. S. COMP. STATS. 1901, P. 1305), CITED.—The provisions of the act, *supra,* requiring Chinese persons to procure certificates, stating certain facts, must be strictly complied with in order that the certificate may be of value to the person holding the same to establish his right to come or remain within the United States.

3. SAME—SAME—SAME—SAME—MERCHANT — CERTIFICATE MUST CON-TAIN WHAT—ACT OF CONGRESS OF MAY 6, 1882, C. 126, 22 STATS. 58 (U. S. COMP. STATS. 1901, P. 1305), AND ACT OF CONGRESS, JULY 5, 1884, C. 220, 23 STATS. 315, 1 SUPP. REV. STATS. U. S. 458 (U. S. COMP. STATS. 1901, P. 1305), CONSTRUED.—Under the act of May 6, 1882, *supra,* it was not required that the certificate should state that "such person is entitled by this act to come within the United States," nor did it require that a *merchant's* certificate should state "the nature, character and estimated value of the business carried on by him." By the act of July 5, 1884, *supra,* these requirements were added to those then existing, and a certificate which fails to contain them is defective and affords to the holder thereof no right to enter or to remain within the United States.

4. SAME—SAME—SAME — EVIDENCE — CERTIFICATE SOLE EVIDENCE OF
   RIGHT—ACT OF CONGRESS OF JULY 5, 1884, C. 220, 23 STATS. 115
   (U. S. COMP. STATS. 1901, P. 1305), CONSTRUED.—Under the act of
   July 5, 1884, *supra*, providing that the certificate shall be the sole
   evidence permissible on the part of the person producing the same
   to establish a right of entry into the United States, it is error for
   the court to receive evidence *aliunde* that a Chinese person, whose
   certificate states his occupation as "salesman" is in fact a mer-
   chant, and hence a member of a privileged class.

5. SAME—SAME—SAME—SAME—SAME—EVEN IF PERMITTED TO ENTER
   BY COLLECTOR OF CUSTOMS.—The certificate being the sole evidence
   permissible to establish a right of entry into the United States, and
   being required to be produced whenever lawfully demanded, and
   the act further providing that "any person found unlawfully within
   the United States shall be caused to be removed therefrom," the fact
   that the defendant has already been permitted to enter and is now
   within the country does not alter the rule, and no evidence *aliunde*
   is admissible to show that the holder is in fact a member of a
   privileged class.

APPEAL from a judgment of the District Court of the
First Judicial District. George R. Davis, Judge. Reversed.

The facts are stated in the opinion.

Frederick S. Nave, United States Attorney, and John H.
Campbell, Assistant United States Attorney, for Appellant.

No appearance for Appellee.

KENT, C. J.—Gin Hing, a Chinese person, was ordered by
a United States commissioner to be deported to China. An
appeal was taken from the order, and a trial thereunder
had in the court below. Gin Hing, the defendant, the appel-
lee in this court, offered in evidence in the court below, as
proof of his right to enter and to be in the United States,
a certificate issued at Hong Kong, the last place of his resi-
dence before coming to this country, under the provisions of
the Chinese Exclusion Act. The certificate so offered stated
that the former occupation of the defendant was a grocer in
Sun Wing; that his present occupation, which he had pursued
for thirteen months, was that of a salesman in a certain medi-
cine shop in Hong Kong, and the certificate stated that he
was going to San Francisco to take the place of his brother

in a medicine shop in that city. The United States, the plaintiff, objected to the introduction of this certificate, on the ground that it was defective and invalid, and not in the form required by law, and that it showed on its face that the defendant is such a person as is not permitted by law to come to the United States or remain therein. The court overruled the objection and received the certificate in evidence. Thereupon the defendant offered to show, by further testimony of the defendant, that he for many years prior to his coming to the United States had been, and at the time of his so coming was, and ever since had been, a merchant, to which offer the district attorney objected, upon the ground that such testimony was incompetent, irrelevant, and immaterial, because the certificate constitutes the sole evidence of the defendant's right to be in the United States; the facts in the certificate not being controverted by the plaintiff. The objection to the introduction of such testimony being overruled by the court, and the plaintiff having duly excepted thereto, the plaintiff then admitted the fact to be that the defendant was then, and at the time of his coming to the United States and for many years prior thereto had been, a merchant. The court thereupon gave judgment that the defendant is a merchant, that he is entitled to remain in the United States, and that he be discharged. From this judgment the plaintiff appeals to this court.

The appeal in this case presents two questions for our consideration: First, whether the certificate offered in evidence by the defendant was sufficient to show that the defendant was one of the privileged classes entitled to enter and remain in the United States; and, second, whether evidence on the part of the defendant, other than the certificate, was properly admissible to establish that fact.

By act of July 5, 1884, c. 220 (23 Stats. 115, 1 Supp. Rev. Stats. U. S. 458 [U. S. Comp. Stats. 1901, p. 1305]), Congress enacted that every Chinese person other than a laborer, who may be entitled by the treaty of November 17, 1880, (22 Stats. 826,) or the act itself, to come within the United States, and who shall be about to come to the United States, shall procure a certificate, issued as therein provided, which certificate shall state among other things such person's present occupation or profession, that he is entitled by the said act to come within

the United States, and, if the person shall be a merchant, the
certificate shall state the nature, character, and estimated
value of the business carried on by him prior to and at the
time of his application.    The act further provides that the
certificate shall be the *prima facie* evidence of the facts set
forth therein, and shall be produced to the collector of the
port at which the person named therein shall arrive, and
afterwards produced to the proper authorities of the United
States whenever lawfully demanded, and shall be the sole
evidence permissible on the part of the person producing the
same to establish a right of entry into the United States; but
said certificate may be controverted, and the facts therein
stated disproved, by the United States authorities.    The Chi-
nese persons entitled by law to come to the United States
and reside therein, when provided with such certificates, are
Chinese subjects, being officials, teachers, students, merchants,
or travelers for curiosity or pleasure.    Treaty of November
17, 1880, (22 Stats. 826) ; Treaty of March 17, 1894, (28 Stats.
1210) ; *Wan Shing* v. *United States,* 140 U. S. 424, 11 Sup.
Ct. 729, 35 L. Ed. 503.

The facts set forth in the certificate in this case clearly show
that the defendant was not entitled to admission to the United
States as either an official, teacher, student, or traveler for
curiosity or pleasure; and, unless the word "salesman" can
be construed to mean "merchant," the defendant, under this
certificate, is not within any of the classes of persons entitled
by law to admission to the United States.    The Standard Dic-
tionary defines a salesman as "a man who sells goods in a
shop or store or by canvassing."    The word is generally ac-
cepted to mean a person who sells goods for a merchant, and
not to mean the merchant himself.    Congress, however, has
defined the word as used in the Chinese Exclusion Act as fol-
lows: "A merchant is a person engaged in buying and sell-
ing merchandise, at a fixed place of business, which business
is conducted in his name, and who during the time he claims
to be engaged as a merchant does not engage in the per-
formance of any manual labor, except such as is necessary
in the conduct of his business."    Act November 3, 1893, c.
14, sec. 2 (28 Stats. 8, 2 Supp. Rev. Stats. U. S. 154 [U. S.
Comp. Stats. 1901, p. 1323]).    We are of the opinion that a
person described in the certificate required as a salesman

is not described as a merchant within the generally accepted meaning of the word, or within the statutory definition thereof. *United States* v. *Pin Kwan,* 100 Fed. 609, 40 C. C. A. 618; *Lew Jim* v. *United States,* 66 Fed. 953, 14 C. C. A. 281; *Lai Moy* v. *United States,* 66 Fed. 955, 14 C. C. A. 283.

The certificate further fails to comply with the requirements of the act, in that it does not contain a statement that the defendant is entitled to come within the United States, nor does it contain a statement, as required of one claiming the privilege as a merchant, showing the estimated value of the business carried on by him. It has been held by the courts, wherever these provisions of the statute have been under consideration, that these requirements must be strictly complied with in order that the certificate may be of value to the person holding the same to establish his right to come to or remain within the United States. *United States* v. *Yong Yew* (D. C.), 83 Fed. 832; *United States* v. *Chu Chee,* 93 Fed. 797, 35 C. C. A. 613. From an examination of the statutes it is evident that Congress deemed these requirements necessary in aid of the purposes sought to be accomplished by the Chinese Exclusion Act. Under act of May 6, 1882, c. 126 (22 Stats. 58 [U. S. Comp. Stats. 1901, p. 1305]), it was not required that the certificate should state that "such person is entitled by this act to come within the United States," nor did it require that a merchant's certificate should state "the nature, character and estimated value of the business carried on by him." By act of July 5, 1884, c. 220 (23 Stats. 315, 1 Supp. Rev. Stats. U. S. 458 [U. S. Comp. Stats. 1901, p. 1305]), amending the former act, these requirements were added to the then existing requirements of the certificate. The fact that these requirements were added shows that in the opinion of Congress they were necessary, and it is not the province of the courts to express an opinion as to the wisdom or necessity thereof, or to render the requirements nugatory by holding that a person who produces a certificate which fails to contain them sufficiently complies with the statute to be entitled to entry into the United States. We think that the certificate is defective, and affords to the defendant no right to enter or to remain within the United States.

We think the trial court was in error in allowing the defendant to establish by evidence other than the certificate that

he was in fact a merchant, and thus was in fact within one of the classes privileged to admission to this country. The act itself provides that the certificate "shall be the sole evidence permissible on the part of the person producing the same to establish a right of entry into the United States." This provision is express and explicit. It affords the defendant no means of proof of his right to land, other than the certificate. *Wan Shing* v. *United States*, 140 U. S. 424, 11 Sup. Ct. 729, 35 L. Ed. 503.

The fact that the defendant has already been permitted to enter, and is now within the country, cannot alter the rule with respect to the admission of proof of his right to be here. The statute provides not only for the production of the certificate to the collector of customs at the port of entry, but for its production afterwards whenever lawfully demanded, and further provides that "any Chinese person found unlawfully within the United States shall be caused to be removed therefrom." Such a person can lawfully enter only by means of a proper certificate. If he has entered without such proper certificate, either with or without the sanction of the collector of the port, he is unlawfully within the United States. If his entry was unlawful, his residence here is equally so. Therefore, whether the case to be determined is one of his right to enter or his right to remain, the only question to be determined is whether the person is a person entitled to enter. Of this the statute makes the certificate, unless the same be controverted, the only proof admissible. *United States* v. *Chu Chee*, 93 Fed. 797, 35 C. C. A. 613; *United States* v. *Pin Kwan*, 100 Fed. 609, 40 C. C. A. 618; *Mar Bing Guey* v. *United States* (D. C.), 97 Fed. 576; *Li Sing* v. *United States*, 180 U. S. 486, 21 Sup. Ct. 449, 45 L. Ed. 634.

We think, therefore, that it was error for the trial court to enter judgment discharging the defendant, but that he was not entitled to remain in the United States, and should have been deported. The judgment of the district court is reversed, with instructions to that court to enter judgment in conformity with this opinion.

Sloan, J., and Doan, J., concur.