CHEUNG PANG v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1904.)

No. 1,059.

1. CHINESE EXCLUSION—MERCHANT'S CERTIFICATE—SUFFICIENCY.

A merchant's certificate issued to a Chinese person under section 6 of Act May 6, 1882, c. 126, 22 Stat. 60, as amended by Act July 5, 1884, c. 220, 23 Stat. 116 [U. S. Comp. St. 1901, p. 1307], but which does not conform to the requirements of said section by stating the estimated value of his business carried on in China, nor fully establish his status as a merchant, does not entitle him to enter the United States, nor to remain after his entry has been permitted.

Appeal from the District Court of the United States for the Northern District of California.

¶ 1. Citizenship of Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. Same, 35 C. C. A. 332.

Henry C. Dibble & Dibble, for appellant.
Marshall B. Woodworth, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The appellant was arrested upon a warrant issued by Commissioner E. H. Heacock, upon a complaint charging the appellant with being a Chinese manual laborer within the limits of the Northern District of California, without the certificate of residence required by the act of Congress entitled "An act to prohibit the coming of Chinese persons into the United States," approved May 5, 1892 (27 Stat. 25, c. 60 [U. S. Comp. St. 1901, p. 1319]), and the act amendatory thereof approved November 3, 1893 (28 Stat. 7, c. 14 [U. S. Comp. St. 1901, p. 1319]), and the act of Congress approved April 29, 1902 (32 Stat. 176, c. 641 [U. S. Comp. St. Supp. 1903, p. 188]).

It appears from the evidence that the appellant came to the United States in 1898, and was permitted to enter this country as a merchant, under the provisions of the treaty between the United States and China, upon the production of a certificate issued in pursuance of the provisions of said treaty and the acts of Congress relating thereto. Upon examination of this certificate, the commissioner found that it was not in conformity with such acts of Congress, in that it did not state the estimated value of the business carried on by the appellant in China prior to and at the time of his application, and that his status as a merchant was not fully established, he being designated in the certificate as "Assistant Accountant in Kwong Yu Wing Shop, No. 47 Bonham Strand, Hong Kong"; that the appellant was therefore unlawfully in this country, and should be deported. An appeal from this decision was taken to the District Court of the United States, and the judgment of the commissioner was there affirmed.

We are of the opinion that the said certificate did not entitle the appellant to enter the United States as a merchant, nor to remain in the United States after having been permitted to land. United States v. Pin Kwan, 100 Fed. 609, 40 C. C. A. 618.

The judgment of the District Court is affirmed.