### UNITED STATES v. SING LEE.

(District Court, D. Oregon.  January 7, 1896.)

#### No. 4,033.

CHINESE LABORERS—DEPORTATION.

Prior to October 1, 1894, and at the date of the passage of the Geary-act, of May 5, 1892, S. was a Chinese merchant residing in San Francisco. He obtained a lease, running from October 1. 1894, to September 30, 1897, of certain fruit land in California, on which he employed laborers; and he performed certain manual labor himself,—the extent of which did not appear,—in assisting such laborers to care for and gather the fruit.  S. failed to register as a laborer under the Geary act, and proceedings for his deportation were commenced.  *Held*, that S., having been a merchant at the time of the passage of the act, and during the time for registration, was not made liable to deportation by subsequently becoming a laborer.

Daniel R. Murphy, U. S. Atty., and Charles J. Schnabel, Asst. U. S. Atty.
Chester V. Dolph, for defendant.

BELLINGER, District Judge.  This is a proceeding for the deportation of the defendant on the ground that he is a Chinese laborer, and that he has failed to register as required by law. The defendant is a resident of the state of California, where he has lived many years.  He swears, and proves by the testimony of a number of Chinese witnesses, that he is a merchant doing business in San Francisco.  It appears that he is the lessee of some fruit land in California for a term of years, upon which he employs laborers; and the fact is stipulated in the case that he performed manual labor, in aiding the laborers employed by him to work said farm in caring for the fruit during its growth and picking.  It is held in Lew Jim v. U. S., 14 C. C. A. 281, 66 Fed. 953, that a Chinese person, who, during his residence in the United States, was engaged in business as a member of a firm of dealers in fancy goods, but occasionally, during a year previous to his departure for a temporary visit, worked for short periods as a house servant, in order to accommodate an old employer at times when he was without a servant, was engaged in manual labor, within the meaning of section 2, Act Cong. Nov. 3, 1893, known as the "McCreary Act."  In Lai Moy v. U. S., 14 C. C. A. 283, 66 Fed. 955, it is held that a Chinese person, who, during half his time, is engaged in cutting and fitting garments for sale by a firm of which he is a member, is not a merchant, within the meaning of the same section.  It is thus established that a Chinese person who works for others for short periods

of time, or who regularly works in the manufacture of fabrics for sale by himself, is a laborer, within the meaning of the Chinese exclusion acts. It is stipulated in this case that the defendant was the lessee of the fruit farm, as shown by a copy of a lease introduced in evidence during the trial, and that he performed manual labor, as already stated, in aiding the laborers employed by him to work said farm, in caring for the fruit during its growth and picking. The lease referred to, as appears from the copy in evidence, was entered into August 6, 1894, and is for a certain ranch adjoining the town of Penryn, in Placer county, Cal. The term of the lease is from October 1, 1894, to the last day of September, 1897. The extent of the labor performed for himself in aiding laborers employed by him to work this farm, in caring for the fruit during its growth and picking, does not appear. It may have been regular and continuous, or inconsiderable. The facts thus stipulated are in rebuttal of the evidence introduced by the defendant to prove his character as a merchant, and no inferences can be drawn from it against him, in an action like this, except such as its terms require. The labor performed by the defendant was performed, it must be presumed, within the term of the lease, and after October 1, 1894; and this presents the question whether a person shown to have been a merchant at the date of the act in question, and who continued to be such merchant until after the time within which laborers were permitted to register, is liable to deportation, if after such time he becomes a laborer. I am of the opinion that such a person is not liable to deportation. The act in question made it the duty of all Chinese laborers within the United States at the time of the passage of the act to procure a certificate of residence. A merchant was not required to procure such certificate. Being, therefore, lawfully here, and having observed all the requirements of the acts of congress affecting his race, it is not the policy of the law to make an act of labor thereafter performed by him a crime punishable with heavy penalties. The Geary act provides that any Chinese person convicted and adjudged by a commissioner to be not lawfully entitled to be or remain in the United States shall be imprisoned at hard labor for a period of not exceeding one year, and thereafter removed from the United States. This much of the act has been held to be void, as conflicting with the provision of the constitution of the United States which secures the right of trial by jury to all persons prosecuted for infamous offenses under the laws of the United States. U. S. v. Wong Dep Ken, 57 Fed. 206. But nevertheless this provision shows that congress intended the act to be highly penal, and, as already suggested, it cannot be supposed that it intended to make the performance of labor at any time thereafter by a Chinese person who was a merchant when the act was passed, and the opportunity to register existed, an infamous crime.

In addition to these considerations, the fact that this defendant has had for many years a fixed residence in California, and that he was arrested here while en route to Montana, to which point he had a through ticket, is against this proceeding. A practice like this is

likely to result in oppression and injustice.    If the defendant is a laborer, as is claimed, and has been so during the lease in question, he was liable to deportation in that jurisdiction, where the facts as to his case are easily obtainable, and where the law can be vindicated without inconvenience or danger of injustice.    If a Chinaman finally leaves his place of abode, he must of necessity, sooner or later, acquire another, at which place he may be proceeded against, if he appears to be a laborer, and without the certificate of registration required by law.    The findings will be for the defendant, and the order of the court is that he be discharged from arrest.