UNITED STATES v. LOUIE JUEN.

(District Court, D. Montana. March 11, 1904.)

1. CHINESE—EXCLUSION—WITNESSES—CREDIBILITY.

In Chinese deportation proceedings, the fact that accused was in the United States and engaged in business as a merchant at the time of the passage of Act Cong. May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319], providing for the registration of Chinese laborers, may be established by Chinese witnesses.

2. SAME—REGISTRATION.

Where at the time of the passage of Act Cong. May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319], providing for the registration of Chinese laborers, a Chinese person thereafter charged to be unlawfully in the United States was in the United States and engaged in business as a merchant, and was therefore not entitled to registration as a laborer under such act, he was not subject to deportation, though he subsequently became a laborer.

3. SAME—EVIDENCE.

Evidence in Chinese deportation proceedings *held* to establish that defendant was a resident of the state of Montana, and engaged in business there as a merchant, prior to the passage of Act Cong. May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319], and was therefore not subject to deportation.

Appeal from Order of United States Commissioner.

Carl Rasch, U. S. Atty.

Sanders & Sanders, for defendant.

KNOWLES, District Judge. Appeal from an order of deportation made by Edward C. Russel, United States Commissioner. Louie Juen was arrested upon a warrant charging him with being unlawfully within the United States, in violation of the acts of Congress excluding Chinese persons. At the time of his arrest, Louie Juen was engaged as a laborer. He claims, however, that he was a merchant, residing at Helena, Mont., at the time of the passage of the Geary act of May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319], and during the time provided for the registration of Chinese laborers under that act. The question presented is as to whether said Juen was a merchant at that time, and engaged in that business. Capt. E. R. Tandy testified that he was a farmer and engaged in a mining enterprise from 1889 or 1890 to 1895, and that during that period he employed Chinese laborers, and during that time he was frequently at a Chinese store situated in the upper part of Helena, Mont., looking for laborers, and there saw Juen, who seemed to be occupied in conducting the business of said store. Gen. Charles D. Curtis testified that he had frequently seen Juen in the store testified to by Capt. Tandy. While it was evident from the testimony of Juen and others that Gen. Curtis was mistaken as to the time he saw the appellant in this store, still I do not think this destroys his evidence entirely. He might have been mistaken as to the dates when he saw

¶ 3. Citizenship of Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Fay v. United States, 35 C. C. A. 332.

him, and yet be correct as to the fact that he did see him. Witnesses are more likely to be incorrect as to dates than any other part of their evidence. There were, however, some three Chinese witnesses who testified that from about 1889 to 1903 said Juen did conduct business as a merchant in said Helena in the building named by Tandy and Curtis. One of these testified that, when Juen came to Helena to enter into this mercantile business, he borrowed $300 of him, which sum, added to what he then had, amounted to $1,000; that he had two partners, who each put into said business $1,000; and that this firm carried on business as merchants in Helena from 1889 to 1903—about 13 years in all. One of these witnesses was known as "Chinese Charlie," who had lived in Helena for over 30 years, and was a respectable Chinese merchant himself. I can see no reason for disbelieving this witness. If his evidence can be considered by me, I am satisfied that during the time stated said Juen was a merchant, as he claimed in his own evidence. It was contended that the fact that he was a merchant during the time of registration under the Geary act could not be established by Chinese evidence. I find that this has not been a universal rule. In the case of United States v. Sing Lee (D. C.) 71 Fed. 680, Judge Bellinger says: "He swears and proves by the testimony of a number of Chinese witnesses that he is a merchant doing business in San Francisco." Upon this evidence he held that the Chinaman in the action was a merchant. In the case of Quong Sue v. United States, 116 Fed. 316, 54 C. C. A. 652, the Circuit Court of Appeals for the Ninth Circuit says: "This court has repeatedly held under this and other similar provisions in other of the Chinese exclusion acts that the court below must decide for itself whether the evidence is satisfactory or not." From this evidence, I hold that it satisfactorily appears said Juen was a merchant in Helena, Mont., from 1889 to 1903. The period during which he could have registered as a Chinese laborer was a part of this period.

The question then arises as to whether, having become a laborer during the year 1903, the appellant falls within the terms of the act. In the case of In re Chin Ark Wing (D. C.) 115 Fed. 412, it was held that under this state of facts he could not be deported. To the same effect is United States v. Sing Lee, above cited. He was a merchant during the time of the registration authorized by said Geary act, and hence could not register as a laborer. See cases last above cited.

It is therefore ordered that the order of the commissioner, Edward C. Russel, that Louie Juen be deported from the United States to China, be, and the same is hereby, set aside and reversed, and that the said Louie Juen be discharged from custody by the United States marshal.