### OW YANG DEAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 14, 1906.)

No. 1,280.

1. ALIENS—CHINESE—DEPORTATION.

Defendant, in 1890, became a member of two Chinese mercantile firms in California; his name appearing on the partnership books as a partner and so continued up to the time of the commencement of deportation proceedings. From 1890 to 1900 he engaged in no manual labor, but devoted his entire time to his mercantile interests, until he purchased an interest in a shrimp company in March, 1900, after which from March till August he devoted a portion of his time to keeping books for that concern, but did manual labor, such as picking shrimps and delivering them to customers. The shrimp business was absorbed by another company in which he was interested until May, 1902, when he sold the interest in the purchasing company and returned to China, he having devoted his entire time after the sale and before his return to the mercantile business of the firms of which he was a member. *Held*, that by engaging in manual labor while in the shrimp business he did not lose his right to remain in the United States under Exclusion Act, May 5, 1892, c. 60, § 6, 27 Stat. 25, as amended by Act Cong. Nov. 3, 1893, c. 14, § 1, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1321], providing for the exclusion of non registered Chinese on their ceasing to be merchants and engaging in manual labor.

[Ed. Notes.—Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

2. SAME—LABORER—WHAT CONSTITUTES.

Where a Chinese merchant for a year prior to his return to China did no manual labor except that for a short time he assisted in pickling shrimps and going in wagons to deliver them to customers in connection with the business of a shrimp company, in which he was a partner, such work did not amount to the doing of manual labor not necessary in the conduct of his business within Exclusion Act, May 5, 1892, c. 60, § 6, 27 Stat. 25, as amended by Act Cong. Nov. 3, 1893, c 14, § 1, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1321], depriving him of the right to re-enter the United States on his return.

Appeal from the District Court of the United States for the Northern District of California.

The appellant, a Chinese, appeals from an order and judgment of the District Court affirming the order and judgment of deportation made by the

United States Commissioner upon a complaint charging him with being a Chi-- nese manual laborer within the limits of the Northern District of California without the requisite certificate of residence. The appellant came to the United States in the year 1881 and resided in the state of California from that date until July 8, 1902, when he departed from the United States for China, taking with him an affidavit and certificate of identification wherein he deposed that he was a merchant, and a member of the firm of Sang Wo Sang & Co., engaged in buying and selling retail and wholesale groceries at 613 Jackson street, San Francisco. On July 2, 1904 he returned to the port of San Francisco, and, upon presentation of his affidavit and certificate to the Commissioner of Immigration at that port, he was permitted to land and enter the United States as a merchant. On the proceeding for deportation the United States Commissioner found that during the 12 months immediately preceding his departure from the United States, the appellant was engaged in the performance of manual labor other than such as was necessary in the conduct of his business as a merchant, to wit, in picking, shelling, and delivering shrimps and cracking crabs, and that he unlawfully entered the United States, and is not lawfully entitled to be and remain therein. The evidence is undisputed that about the year 1890 the appellant became a member of the Chinese mercantile firm of Hung Tai & Co. in Walnut Grove, Cal., and of the firm of Sang Wo Sang & Co., retail and wholesale grocers at 613 Jackson street, San Francisco, and that his name appeared upon the partnership books of such firms as a partner therein; that his interest in and his relation to the said firms has continued to the present time; that during all the years of his connection with said firms and up to March, 1900, he engaged in the performance of no manual labor of any kind, but devoted his entire time to the management of his mercantile interests, and that in March, 1900, he purchased an interest in the San Pablo Bay Shrimp Company, a copartnership engaged in picking, buying, and selling shrimps and crabs. During the period between that time and August 1, 1900, it is not disputed that while he devoted a portion of his time to keeping the books of the firm, he did manual labor other than such as was necessary to conduct his business as a merchant, such as picking shrimps and going with the wagons to deliver shrimps to customers. On August 1, 1900, a combination under the name of the Union Shrimp Company was made between the San Pablo Bay Shrimp Company and a rival company, and the appellant became a partner in the new company. Both the San Pablo Bay Shrimp Company and the Union Shrimp Company were engaged in buying and selling shrimps and crabs at fixed places of business in San Francisco.

George A. McGowan, for appellant.

Robert T. Devlin, Benjamin L. McKinley, and Lyman I. Mowry, for the United States.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

As to the occupation of the appellant during the year immediately prior to his departure for China, the evidence is that from July 8, 1901 to September 1, 1901, he was at the store of Sang Wo Sang & Co., attending to his duties in that firm. He testified that from September 1, 1901 to May 1, 1902, he spent a little more than half of his time with the Union Shrimp Company, and the remainder of that time with Sang Wo Sang & Co.; that while with the Union Shrimp Company, he devoted his time to keeping the books, taking telephone orders, receiving and sampling shrimps, and delivering by hand an

occasional order, and doing some collecting. It is not disputed that on May 1, 1902, he sold out his interest in the Union Shrimp Company and from that time until he departed for China on July 8, 1902, he was not engaged in the shrimp business, had nothing to do therewith, and gave his time entirely to the mercantile business of Sang Wo Sang & Co. In Tom Hong v. United States, 193 U. S. 517, 24 Sup. Ct. 517, 48 L. Ed. 772, it was held that Chinese persons who are in this country prior to May 5, 1902, and thereafter carried on mercantile business under a corporate title, although the business was not conducted in their individual names, and who had books of account and articles of partnership, were merchants within the meaning of section 6, Act May 5, 1892, c. 60, 27 Stat. 25, as amended by Act Nov. 3, 1893, c. 14, § 1, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1321], and were not required to register under the terms of that act, nor were they subject to deportation upon their subsequently ceasing to be merchants and engaging in manual labor. That decision affirms the doctrine of a line of federal cases. United States v. Sing Lee, (D. C.) 71 Fed. 680; United States v. Yong Yew, (D. C.) 83 Fed. 832, 838; United States v. Leo Won Tong (D. C.) 132 Fed. 190; In re Yew Bing Hi, (D. C.) 128 Fed. 319; United States v. Louie Juen, (D. C.) 128 Fed. 522. Under the authority of these decisions the appellant was not subject to deportation at any time while he was in the United States prior to his departure for China. By engaging in manual labor he had not lost his right to be and remain in the United States. What was his right on returning to the United States?

The act of November 3, 1893, provides as follows:

"Where an application is made by a Chinaman for entrance into the United States on the ground that he was formerly engaged in this country as a merchant, he shall establish by the testimony of two credible witnesses other than Chinese, the fact that he conducted such business as hereinbefore defined for at least one year before his departure from the United States and that during such year he was not engaged in the performance of any manual labor except such as was necessary in the conduct of his business as such merchant, and in default of such proof, shall be refused landing."

The appellant complied with this requirement of the statute. The Commissioners of Immigration were satisfied with the proof and permitted him to land. The appellant contends that their adjudication of his status as a merchant, and of his right to land is conclusive, and that he is not subject to deportation on a showing made before another tribunal that the fact was otherwise than as found by said commissioners. We do not find it necessary to pass upon that question in the present case. The testimony of several witnesses was taken to show that during the year prior to his departure from the United States the appellant was actively engaged in picking shrimps, picking crabs, and delivering goods. We are not impressed with either the candor or the credibility of the greater part of such testimony. The record shows that there was a conspiracy of persons, the identity of whom is not established, but probably persons connected with the Union Shrimp Company, to secure the deportation of the appellant. When he returned to the port of San Francisco and while his application for permission to land was under consideration, anonymous let-

ters were sent to the Commissioner of Immigration, alleging that the appellant had been a laborer before his departure from the United States, and nearly two months after he had been permitted to land, another anonymous communication was sent, giving the names of several witnesses who would testify to the fact that he did such manual labor. The witnesses named in that communication did, with one exception, appear and testify against him. One of them admitted that he supposed that the cause of the proceedings for the deportation of the appellant was the fact that since his return he had solicited trade for the San Mateo Fish Company. But accepting the finding of the United States Commissioner, who saw the witnesses and had a better opportunity to judge of their credibility than have we, that during the 12 months prior to his departure from the United States the appellant was engaged in the performance of manual labor in picking, shelling, and delivering shrimps, and cracking crabs, we think the fair deduction from the testimony is, and the Commissioner did not find to the contrary, that such was not the principal occupation of the appellant, but that the most of the time he was engaged in keeping the books of the Union Shrimp Company, and in conducting the business of Sang Wo Sang & Co., and that occasionally he picked shrimps after they were brought to the store, and delivered a rush order of goods to customers, and, perhaps, now and then cracked and picked crabs at the store in connection with the business of the Union Shrimp Company in buying and selling goods of that nature.

The decision of the United States Commissioner involved a mixed question of fact and law. The Commissioner was of the opinion, as shown by his ruling on the evidence, that if in fact the appellant at any time did the things above mentioned, he performed manual labor not necessary in the conduct of his business as a merchant. The Commissioner of Immigration may have been of the opinion so far as the record shows, that such labor was necessary in the conduct of the appellant's business as a merchant. We are led to inquire, therefore, what is the meaning of the statute, and what manual labor may be said to be necessary in the conduct of the appellant's business? In the ordinary business of a merchant no manual labor whatever is necessary. The statute contemplates that a Chinese merchant may do manual labor. The restriction is that it shall be such labor as is necessary in the conduct of his business as a merchant. The statute should receive a reasonable construction. If the appellant was permitted to engage in manual labor in connection with his business, we see no reason for holding that the work which he did, as fairly established by the evidence, was not such work as was necessary. It clearly was not his principal occupation. In Lai Moy v. United States, 66 Fed. 955, 14 C. C. A. 283, this court held that a Chinese person, who, during half of his time is engaged in cutting and sewing garments for sale by a firm of which he is a member, is engaged in manual labor not necessary in the conduct of his business, and is not a merchant within the meaning of the statute. But in the United States v. Sun (D. C.) 76 Fed. 450, it was held that a Chinese member of a trading firm, who lives at the store with other members of the firm

and does housework for them, and in spare time packs goods for shipment, is a merchant, and not a laborer. In re Chu Poy (D. C.) 81 Fed. 826, it was held that a Chinaman engaged as a clerk in an established mercantile business, and who does no further manual labor than that which is required to conduct the business of buying and selling merchandise at a fixed place of business, is in every proper sense a merchant, and not a laborer.

We think that the work which the appellant did during the year before his departure for China, as shown by the record and as found by the Commissioner, so far as his finding advises us, was such as was permissible, and does not render him subject to deportation.

The judgment is reversed, and deportation is denied.