### WHITE, Commissioner of Immigration, v. FONG GIN GEE.*

(Circuit Court of Appeals, Ninth Circuit. May 17, 1920.)

No. 3375.

1. **Habeas corpus ⬅23—Alien denied fair hearing will be protected.**

In any and every case where a party sought to be deported is denied a fair hearing before the officers of the immigration service, the courts will protect him by means of the writ of habeas corpus.

2. **Aliens ⬅32(13)—Finding of Secretary of Labor that Chinese person's father was not a merchant is conclusive.**

Under Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), providing that, where any person is ordered deported under any law or treaty, the decision of the Secretary of Labor shall be final, where a Chinese person seeking to enter the country as the son of a Chinese merchant was accorded a fair hearing, with every opportunity to introduce all available testimony and evidence, and ample opportunity for argument by counsel, the decision of the Secretary of Labor that the alleged father was not a merchant, but a mere peddler or huckster, was conclusive in a habeas corpus proceeding.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus by Fong Gin Gee against Edward White, as Commissioner of Immigration of the Port of San Francisco. From a judgment ordering the discharge of the petitioner, defendant appeals. Reversed, with instructions.

Annette Abbott Adams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Joseph P. Fallon, of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The appellee was at the time in question a Chinese boy of about 20 years of age, and sought entry into this coun-

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied September 7, 1920.

try at the port of San Francisco upon the alleged ground that he was the son of a Chinese merchant named Fong Chung, doing business as a partner in the Chinese firm of Man Hop Company, having a fixed place of business in the town of Woodland, in Yolo county, Cal. Having been refused entry and ordered deported by the Secretary of Labor, a writ of habeas corpus was applied for in his behalf, under which he was by the court below ordered discharged, from which judgment the government brought the case here by appeal.

On the hearing of the matter both in the court below and in this court, the respective parties stipulated that the records of the Immigration Service concerning the case, made a part of the return to the petition for the writ, should be considered by the court in the determination of the cause. It has been attentively examined and considered.

The provision of the Chinese Exclusion Act of November 3, 1893 (28 Stat. 7, 8 [Comp. St. § 4324]), applicable to the case, reads as follows:

"The word 'laborer' or 'laborers,' wherever used in this act, or in the act to which this is an amendment, shall be construed to mean both skilled and unskilled manual laborers, including Chinese employed in mining, fishing, huckstering, peddling, laundrymen, or those engaged in taking, drying, or otherwise preserving shell or other fish for home consumption or exportation.

"The term 'merchant,' as employed herein and in the acts of which this is amendatory, shall have the following meaning and none other: A merchant is a person engaged in buying and selling merchandise, at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant, does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant."

As to the meaning of the latter clause of the section quoted, this court said, in the case of Ow Yang Dean v. United States, 145 Fed. 801, 804, 76 C. C. A. 365, 368:

"In the ordinary business of a merchant no manual labor whatever is necessary. The statute contemplates that a Chinese merchant may do manual labor. The restriction is that it shall be such labor as is necessary in the conduct of his business as a merchant. The statute should receive a reasonable construction. If the appellant was permitted to engage in manual labor in connection with his business, we see no reason for holding that the work which he did, as fairly established by the evidence, was not such work as was necessary."

In the same case was cited our previous decision in the case of Lai Moy v. United States, 66 Fed. 955, 14 C. C. A. 283, to the effect that a—

"Chinese person, who, during half of his time is engaged in cutting and sewing garments for sale by a firm of which he is a member, is engaged in manual labor not necessary in the conduct of his business, and is not a merchant within the meaning of the statute."

We have no doubt of the correctness of what was said in those cases. But in the act enacted by Congress February 5, 1917, entitled "An act to regulate the immigration of aliens to and the residence of aliens in the United States" (39 Stat. 874), Congress concluded its nineteenth section with the express declaration that—

"In every case where any person is ordered deported from the United States under the provisions of this act, or of any law or treaty, the decision of the Secretary of ·Labor shall be final." Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj.

[1] That in any and every case where a party is denied a fair hearing before the officers of the Immigration Service, the courts will protect him by means of the writ of habeas corpus, we entertain no doubt, and it has been many times so adjudged by the federal courts. In the case of Chin Yow v. United States, 208 U. S. 8, 13, 28 Sup. Ct. 201, 203 (52 L. Ed. 369) the court expressly held that a Chinese person seeking to enter the United States is entitled to a fair hearing before the immigration officers, and that a federal court has jurisdiction to determine on habeas corpus whether he was denied a proper hearing, and, if so, to determine the merits of the case, concluding its opinion in these words:

"But unless and until it is proved to the satisfaction of the judge that a hearing properly so called was denied, the merits of the case are not open, and, we may add, the denial of a hearing cannot be established by proving that the decision was wrong."

In Low Wah Suey v. Backus, Commissioner of Immigration, 225 U. S. 460, 468, 32 Sup. Ct. 734, 735 (56 L. Ed. 1165), the same Court said:

"A series of decisions in this court has settled that such hearings before executive officers may be made conclusive when fairly conducted. In order to successfully attack by judicial proceedings the conclusions and orders made upon such hearings, it must be shown that the proceedings were manifestly unfair, that the action of the executive officers was such as to prevent a fair investigation, or that there was a manifest abuse of the discretion committed to them by the statute. In other cases the order of the executive officers within the authority of the statute is final. United States v. Ju Toy, 198 U. S. 253; Chin Yow v. United States, 208 U. S. 8; Tang Tun v. Edsell, 223 U. S. 673."

In the present case, the firm of which the alleged father of the appellee is alleged to have been a partner was engaged in the business of buying and selling poultry and eggs at a fixed place in the town of Woodland, Yolo county. But the evidence introduced before the immigration officers, and made a part of the record before the courts as above stated, shows that practically all of his time was spent in going among the farmers in the vicinity, buying chickens and eggs, and taking them to the city of Sacramento, where he sold them to customers of the firm of which he claimed to be a member, as well as·to others. The Secretary of Labor, and·the subordinate officers of the Immigration Service, held that in view of those facts, and the further fact that in the testimony of the alleged father he admitted ignorance of certain business interests of the firm in which he claimed to be a partner, particularly in the matter of the ownership by it of a small ranch near Woodland, that he was not a merchant, but a mere peddler or huckster; whereas the view taken by the judge of the court below, and, upon which he based his judgment discharging the appellee from imprisonment, is as follows:

"As I read the record in this case, the bureau does not find that the father of the detained has no interest in the Woodland store, but bases its finding that he is not a merchant on the fact that he buys and collects chickens from farmers throughout the country and sells and delivers them to customers in Sacramento. But it seems to me that, if the firm of which the father is a member is one really dealing in poultry and eggs, receiving orders for such and sending the father out to procure and deliver them, this does not make him a peddler within the meaning of the law, even though on his trips he does occasionally solicit eggs and poultry from farmers in the first instance, or look for an occasional purchaser at Sacramento for his surplus supply."

[2] It is not and could not be successfully claimed for the appellee that he was not accorded a fair hearing before the officers of the Immigration Service, for the record shows that he was afforded every opportunity to introduce all available testimony and evidence; the case being twice reopened for that purpose, and ample opportunity given counsel for argument in his behalf. From the evidence, and in the light of such argument, the Secretary of Labor decided the fact to be that the appellee's alleged father was not a merchant, but a mere peddler or huckster, and we are of opinion that his decision of such fact, even if wrong, is conclusive under the above-quoted clause of the act of Congress of February 5, 1917, and under the decisions of the Supreme Court that have been cited.

The order and judgment of the court below are reversed, with instructions to dismiss the writ of habeas corpus.