**CHAN GAI JAN et al. v. WHITE, Immigration Com'r.**

(Circuit Court of Appeals, Ninth Circuit. July 6, 1920.)

No. 3408.

1. Aliens ⚬⚬32 (13)—Finding of status of Chinaman, supported by evidence, not reviewable.

A finding by the immigration authorities that the status of a Chinese alien was that of a laborer, and not of a merchant, under Act Nov. 3, 1893, § 2 (Comp. St. § 4324), held not reviewable, where based on evidence showing that, while he was a member of a mercantile firm and helped conduct its business, he also devoted a considerable part of his time to superintending and working in a fruit orchard, which he leased.

2. Aliens ⚬⚬25—Chinese laborer not entitled to admission of wife and children.

A Chinese alien, domiciled in this country as a laborer, is not entitled to admission of his wife and minor children.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus by Chan Gai Jan and Ng Shee against Edward White, Commissioner of Immigration for the Port of San Francisco. From a judgment dismissing the petition, petitioners appeal. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellants.

Annette Abbott Adams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This case is here on appeal from a judgment of the District Court, sustaining a demurrer to a petition for writ of habeas corpus and dismissing the petition.

Ng Shee is the wife of Chan Moy, and Chan Gai Jan is his minor son. Chan Moy has been in this country 32 years, and has a laborer's certificate, issued March 3, 1894, showing him to be domiciled here. At the time his wife and son applied to enter this country, he claimed to be, and now claims to be, a Chinese merchant, and a member of the firm of Kum Chong Company, of Isleton, Cal. He acquired an interest in the firm in January, 1914, by purchase from one Wong Kwun, paying him $1,000 therefor. As the wife and son of Chan Moy, Ng Shee and Chan Gai Jan applied to enter the United States on April 28, 1917, having arrived at the port of San Francisco from China on the steamship Shinyo Maru.

After hearing had before the Commissioner of Immigration, they were denied a landing. In due course the cause was appealed to the Secretary of Labor, with the same result, and they were ordered to be returned to China. The question in the case turned upon whether Chan Moy, the husband and father, was, at the time of the attempted entrance of the wife and son into this country, a merchant or a laborer within the meaning of the Chinese Exclusion Acts.

It appears that Kum Chong Company is a bona fide firm, engaged in mercantile business. Chan Moy has under lease about 30 acres of orchard, situated 3 to 5 miles from Isleton, where the firm is located, and the evidence tends to show that he superintends the work in taking care of the orchard, pruning and the like. As expressed by one witness, he is a "kind of manager." Mr. Mathena, who has known Moy for a number of years and is well acquainted with the situation, in a letter which is in evidence states:

"It is a fact that Chan Moy, as is true of nearly all the Chinese merchants of the river sections, was and is, in conjunction with his partners in the mercantile business, and as an adjunct to said business, engaged in fruit and vegetable raising."

Mathena in his testimony, however, was of the view that Chan Moy performed no labor, other than to superintend the work, except on occasions to show the men how to do certain work that they might be engaged in. When asked as to what proportion of the time Moy spent "looking after the orchard," he replied that "it would be hours at a time, maybe," and he estimated that Moy would be there about a day in a week, but that when witness visited the store he usually found Moy there. Others testified to seeing Moy at the store frequently, at times selling goods, but that generally he was in and out, peddling goods and taking orders on the ranches. There were five members of the firm of Kum Chong Company. Three of them were silent members, and of the other two Wong Gwun is listed as "manager," and Chan Moy as "gen. help."

In the course of the investigation, Lauritz Lorenzen, immigrant inspector, was directed to visit the locus in quo where Moy was supposed to be engaged taking care of the orchard. He reported that on his arrival he found Moy working in the orchard, cutting grass. During this visit he obtained the affidavit of one S. E. Talpelman, who deposed that he had known Moy for the previous 2 years; that for the first 6 months of that time Moy devoted his entire time to the

work connected with the fruit orchard; that Moy told him about a year and a half previously that he had purchased an interest in the Kum Chong Company; that affiant had seen Moy in the store on two different occasions, but could not say how much time Moy devoted to the business in the store; that Moy had maintained rooms and sleeping quarters in a house on the 30 acres of fruit orchard during the entire 2 years, and had devoted about half of his time in various kinds of work, such as pruning and spraying the orchard, picking and packing fruit, cultivating vegetables for the market, and generally supervising the work of from 2 to 10 other Chinese.

[1] Based upon the testimony, of which the foregoing recounts the salient features, the question was presented to the Department of Labor to determine whether Chan Moy was a merchant or a laborer, within the intendment of the Chinese exclusion legislation. We can only determine whether the Department of Labor has exceeded its authority, or has misinterpreted the law, in arriving at the conclusion reached by its decision. If there is competent evidence of persuasive character to sustain its findings, its judgment is final and conclusive, and is not susceptible of review or revision by the courts. This latter proposition is now so well established as to need no citation of authorities.

The Act of Congress of November 3, 1893 (28 Stat. 7, c. 14 [Comp. St. §§ 4320, 4324]), by section 2 (section 4324) defines the terms "merchant" and "laborer" or "laborers." A merchant is a person engaged in buying and selling merchandise, who during the time does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant. The words "laborer or laborers" include both skilled and unskilled manual laborers; the statute instancing certain lines of work which may be considered as illustrative. A merchant may therefore do certain labor without losing his status as a merchant, but that labor must be done in and about the conduct of his business, and be necessary thereto. If he goes beyond this, and engages in manual labor not connected with his business as a merchant, he is to be classed as a laborer; his status being manifested by the kind of work he does. Ow Yang Dean v. United States, 145 Fed. 801, 804, 76 C. C. A. 365.

Thus it is held that a Chinese person, who is engaged half of his time in cutting and sewing garments for sale by a firm of which he is a member, is not a merchant within the meaning of section 2 of the act above cited. Lai Moy v. United States, 66 Fed. 955, 14 C. C. A. 283. So it was held by Maxey, District Judge, that a Chinese person who owns an interest in a mercantile firm, but who works as head cook in a restaurant of which he is in part proprietor, is a laborer, and not a merchant. Mar Bing Guey v. United States (D. C.) 97 Fed. 576. A case of marked analogy to the one at bar is Lew Quen Wo v. United States, 184 Fed. 685, 687, 106 C. C. A. 639, 641, where this court said:

"The farmer or fruit grower, who leases land and tills the same, and labors in the production of a crop, which he sells to others, is engaged in an occupation similar to that of those who are engaged in mining, fishing, or drying

fish for home consumption or exportation. Lew Fong, as the owner of an interest of $500 in a general merchandise store, would have been a merchant within the meaning of the acts, and his status as a merchant would not have been affected, had he performed only manual labor such as might have been necessary in the conduct of his business as a merchant; but here the labor which he performed was aside and entirely distinct from his business as a merchant, and therefore, at the time when the appellant was landed in the United States, Lew Fong was not one of the privileged class of persons who are entitled to enter the United States, and therefore the appellant was not entitled to admission."

This answers the appellants' first contention, that Chan Moy was a merchant, seeing that there was competent testimony, pertinent for consideration, submitted to the Secretary of Labor, upon the question as to whether Moy's status was that of a merchant, and the honorable Secretary found against the contention.

The second contention is that Moy was a person other than a laborer. But this is necessarily included in the first, for the Secretary of Labor, in finding that Moy was not a merchant, based the finding upon the ascertained fact that he was a laborer.

[2] The next and last proposition insisted upon by counsel is that, even if Chan Moy is a laborer, he is entitled to have his wife and minor son admitted, to remain with him in his household. This identical question was involved in a case recently decided by this court, namely, Yee Won v. White, 258 Fed. 792, 170 C. C. A. 86, and was decided against the contention.

It follows that the judgment of the District Court should be affirmed, and such will be the order of the court.