## CHIN HONG v. NAGLE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. August 24, 1925. Rehearing Denied Oct. 12, 1925.)

No. 4371.

**1. Aliens ⬿32(8) — Refusal to be guided by evidence of Chinese minor's father being domiciled merchant held not abuse of discretion.**

Evidence of mercantile character of father of one seeking admission as the minor son of a domiciled Chinese merchant, in view of evidence of his connection with a lottery, *held* not of such conclusive character that for department authorities to refuse to be guided by it was abuse of official discretion.

**2. Aliens ⬿25—Lottery business held to deprive Chinese resident of status of merchant.**

Father of one seeking admission as minor son of a domiciled Chinese merchant was deprived of his status of merchant by his devoting the greater part of his time to, and principally deriving his income from, a lottery, which had no connection with his occupation as a merchant.

**3. Aliens ⬿25—Father of Chinese minor seeking admission must be merchant at time.**

Father of minor, seeking admission as son of domiciled Chinese merchant, must be shown to be such merchant at the time the son seeks to enter.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Habeas corpus by Chin Hong against John D. Nagle, as Commissioner of Immigration at the Port of San Francisco, Cal. From a judgment denying the petition, petitioner appeals. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and Alma M. Myers, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The appellant, coming from China, and claiming to be the minor son of Chin Lung, a domiciled Chinese merchant, was denied admission to the United States for failure of proof of the mercantile status of his father. He appeals from the judgment of the court below, denying a petition in his behalf for habeas corpus. In the petition it was alleged that the evidence submitted before the Commissioner of Immigration and the Secretary of Labor, attesting the mercantile status of Chin Lung, was of such a conclusive character that to refuse to be guided thereby was abuse of official discretion. The proof was that Chin Lung was a member of the firm of Qwong Sun Kee Company, engaged in general merchandise business in a small way at Monterey, Cal., and that, connected with the store and under the same roof were two rooms used for a restaurant and a lottery.

[1] The ground on which Chin Lung was found not to be a merchant within the meaning of the Chinese Exclusion Act (Comp. St. § 4290 et sec.) was that a very considerable portion of his time was devoted to the lottery business. The report of Butler, immigration inspector, was that on visiting the premises he found Chin Lung in the lottery room, a room considerably larger than the store room, busily engaged in marking off the duplicate lottery tickets and receiving the cash, that several white persons were in the room, that upon questioning them they informed him that they had seen Chin Lung there off and on when they had come in to buy tickets. The inspector also directed attention to the testimony of a constable and a traffic officer of Monterey; the former testifying that he had found Chin Lung in the store and also found him in the lottery room selling lottery tickets back of the counter off and on during the past year, once a week or oftener, but he had not found him in the lottery room all the time. The traffic officer stated that he had found Chin Lung selling lottery tickets back of the counter in the lottery room not less than a dozen times and perhaps more. Chin Lung testified that he had no connection with the lottery, that while he was there when the inspector called, he was there merely to take the place of the man who was running the lottery while the latter was out. The testimony was conflicting, and whether or not the decision of the Commissioner and the Secretary was against the weight of the evidence we are not called upon to decide. Certain it is that the evidence of the mercantile status of Chin Lung was not of such a conclusive character that to refuse to be guided by it was abuse of official discretion. In United States v. Ah Fawn (D. C.) 57 F. 591, it was held that the term "Chinese laborers" in the Exclusion Act is broad enough in its meaning and intent to include Chinese gamblers, and such is the generally accepted construction.

[2, 3] The appellant contends that the occasional activities of Chin Lung in conducting the lottery should not be held to deprive him of the status of a merchant, and cites our decision in Ow Yang Dean v. United States, 145 F. 801, 76 C. C. A. 365. But in that case the manual labor performed by the merchant was found to be only such as was connected with and necessary to the conduct of his business as such merchant and permissible within the express language of the statutory definition of the term "merchant," whereas in the case at bar the activities of Chin Lung in conducting a lottery business had no connection whatever with his occupation as a merchant, and there was evidence tending to show that the greater portion of his time was devoted to the lottery, and that his income was principally derived therefrom. The appellant cites Ng Fung Ho v. White (C. C. A.) 266 F. 765, to the proposition that a Chinese merchant, once domiciled as such within the United States, is not subject to deportation on the ground that he has abandoned his business as merchant and become a gambler. That decision has no bearing on the case in hand, it being well settled that one who has once been lawfully domiciled within the United States as a Chinese merchant may not be thereafter deported as a laborer. Here the crucial question is whether or not Chin Lung was a merchant at the time when his minor son sought to enter the United States.

The judgment is affirmed.