## HONG CHOW DUCK v. NAGLE, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit.
June 11, 1928.

No. 5378.

Aliens ☞32(8)—Evidence warranted Immigration Department's holding that father of Chinese ordered deported was not merchant, within Chinese Exclusion Acts (8 USCA § 289).

Evidence warranted holding of Immigration Department that father of Chinese ordered deported was not a merchant, within meaning of Chinese Exclusion Acts (8 USCA § 289), and order of deportation was proper.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Petition by Hong Chow Duck against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco, Cal., for writ of habeas corpus. From an order denying his petition, petitioner appeals. Affirmed.

John L. McNab, Bert Schlesinger, and S. C. Wright, all of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The appellant, Hong Chow Duck, a person of the Chinese race and born in China, was admitted to the United States at the port of San Francisco on January 3, 1924, upon the assumption that his father was a merchant domiciled in San Francisco. Subsequent investigation led to his arrest in May, 1927, with a view to his deportation, upon the ground that the representations made at the time of his admission touching his father's status were unfounded, and that, in fact, the father was a laborer, and not a merchant. Upon a hearing the Immigration Department found this charge to be true, and according-

ly ordered his deportation. Thereupon he sought a writ of habeas corpus, and from an order denying his petition he brings this appeal.

It is conceded by both sides that if, upon the evidence adduced before the immigration officials, they should, as a matter of law, have found the requisite mercantile status of the father, the order of dismissal should be reversed; otherwise, it should be affirmed.

The Chinese Exclusion Acts (8 USCA § 289) define "laborer," as the term is therein used, as meaning "both skilled and unskilled manual laborers, including Chinese employed in mining, fishing, huckstering, peddling, laundrymen, or those engaged in taking, drying, or otherwise preserving shell or other fish for home consumption or exportation," and the term "merchant" as meaning "a person engaged in buying and selling merchandise, at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant, does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant." The period to which the inquiry here relates is the year next preceding January, 1924, or approximately the calendar year of 1923. It was shown on behalf of appellant that during that period his father, Hong Kun, was, and since 1917 had continuously been, a member of a firm known as the Sam Hing Company, engaged in the grocery business at 1040 Grant avenue, San Francisco; that the capital of this firm was $15,000; and that there were 30 partners, each of whom contributed $500. Twelve of these partners, including Hong Kun, were active and the others inactive. The business of the concern approximated $70,000 a year, and Hong Kun received pay for his services at the rate of $50 per month.

But, upon the other hand, there was very substantial evidence, consisting of the testimony of numerous witnesses produced by the government, that during a long period, both before and after and including 1923, he spent much of his time in Alameda, where he lived in a little shack, in gathering, preparing for the market, and marketing clams, a commodity in which it is conceded the Sam Hing Company did not deal. Under this testimony, we think the administrative officers were not only warranted in holding, but the conclusion was quite irresistible, that his activities in this respect were not, as contended upon appellant's behalf, mere isolated instances of assistance to a friend, but in reality constituted his principal vocation

·during a very considerable period, including much of the year 1923. If that be true, his status was not such as to confer upon appellant the right to enter, and both the administrative order assailed and the judgment dismissing his petition were right.

Applicable principles of law upon such a state of facts are so well understood that extended reference to cases is needless, and we cite only Chin Hong v. Nagle (C. C. A.) 7 F.(2d) 609; Chan Gai Jan v. White (C. C. A.) 266 F. 869; White v. Fong Gin Gee (C. C. A.) 265 F. 600; Lew Jim v. United States (C. C. A.) 66 F. 953; Lai Moy v. United States (C. C. A.) 66 F. 955.

Affirmed.